# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ERIC WARNER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV468 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| EATON CORPORATION, | ) | |
| as Plan Administrator of the Eaton | ) | |
| Corporation Long Term Disability Plan, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's Motion to Reconsider (Filing No. 48).[1] The plaintiff attached a brief and index of evidence to the motion.[2] The defendant filed a brief (Filing No. 51) in opposition to the motion. The plaintiff did not respond to the defendant's brief. The plaintiff seeks reconsideration of the court's August 27, 2008 Order denying the plaintiff's Motion to Enlarge the Record (Filing No. 26). **See** Filing No. 38 - Order. Additionally, the plaintiff seeks sixty days to obtain and present the opinion of a vocational rehabilitation counselor and deposition evidence from his medical providers. For the reasons stated below, the plaintiff's motion is denied.

## BACKGROUND

In the complaint, the plaintiff alleges he became disabled on April 16, 2204, when he was no longer able to return to gainful employment. **See** Filing No. 1, Ex. 1 - Complaint ¶¶ 10-11. The plaintiff alleges the defendant refuses to pay him disability benefits. ¶ 11. Finally, the plaintiff alleges he pursued the claim through the defendant's processes until

---

[1] As a convenience, this document contains certain cross-document hyperlinks to documents previously filed in this case. This document also contains links to the Nebraska local rules and legal citation from the federal reporters. The hyperlinked documents appear in blue underlined text. Except with regard to the local rules, access to the hyperlinked material is subject to fees pursuant to user agreements. The hyperlinks may be accessed without PACER fees by use of the public computer terminal in the Clerk's office.

[2] All motions, briefs and evidence should be filed in accordance with the local rules. **See** NECivR 7.1(a). Documents not filed in compliance with the rules may be stricken from the record, disregarded by the court or allow the court to deem the motion abandoned. **See** NECivR 60.1(a).

it was denied February 13, 2007. *Id.* The plaintiff filed the instant action in the District Court of Buffalo County, Nebraska on November 6, 2007. *Id.*

On December 5, 2007, the defendant removed the action to this court based on federal question jurisdiction. **See** Filing No. 1 - Notice of Removal. The defendant states the plaintiff's complaint is based on claims for benefits under the Eaton Corporation Long Term Disability Plan (the Plan), which is an "employee welfare benefit plan," as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1001(1). The Plan is a self-funded plan sponsored by Eaton Corporation. **See** Filing No. 8 - Answer ¶ 4. The defendant alleges the plaintiff was employed by Eaton Corporation until August 6, 2004, and from May 26, 2005, to July 19, 2005. *Id.* ¶ 3. The defendant admits the plaintiff was a participant in the Plan as an employee of Eaton Corporation. *Id.* ¶ 4. The defendant also admits the plaintiff received short-term disability benefits under the Plan from August 7, 2004 to February 4, 2005, and long-term disability benefits from February 5, 2005 to May 26, 2005, and July 19, 2005 to September 30, 2006. *Id.* ¶ 7.

The plaintiff continues to seek to expand the record beyond the evidence which is part of the administrative record forming the basis for the denial of his disability benefits. The plaintiff now contends the court found, in error, that the plaintiff failed to explain what evidence he sought to have admitted and what effect the evidence would have on the administrative decision. **See** Filing No. 48 at p. 3. The plaintiff explains the evidence which he seeks to use has not yet been obtained, for financial reasons, but the impact of such evidence is "obvious." *Id.* at 4. The plaintiff states he "was denied the ability to introduce evidence favorable to his claim because he was not represented by counsel and was therefore unable to determine the extent and type of evidence he would be permitted to introduce at the hearing." *Id.* at 6. The plaintiff argues it is an abuse of the court's discretion to deny the plaintiff the opportunity to supplement the record under these circumstances.

The defendant opposes the plaintiff's motion for reconsideration. The defendant argues the plaintiff has failed to comply with either the federal or local rules related to reconsideration. Further, the defendant notes the plaintiff cites no case law or other

support for the motion which was not raised in the original motion to enlarge the record. Finally, the defendant states any evidence acquired at this time would not be relevant to the benefit decision made on February 13, 2007.

## ANALYSIS

The Civil Rules of the United States District Court for the District of Nebraska (Nebraska Civil Rules) provide for reconsideration of a court's earlier order under particular circumstances. The standard of review for such motions is described as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of (1) a showing of manifest error in the prior ruling; or (2) a showing of new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence.

NECivR 60.1(c).

The plaintiff fails to show new facts or legal authority support reconsideration of the earlier decision. The plaintiff contends the court erred by mistakenly concluding the plaintiff failed to meet his burdens of proof. The court's August 27, 2008 Order recognized the plaintiff's arguments, which are the same substantive arguments raised by the plaintiff now. Specifically, the plaintiff contends that because he did not have legal counsel during the administrative hearing, he could not have known to provide particular types of evidence on his own behalf. Further, the plaintiff contents that general evidence, which he does not yet have, but may be able to obtain in the future, would "obviously" support his claim for benefits. Based on these conclusions, the plaintiff asserts the court committed an abuse of discretion by denying leave to enlarge the record. The plaintiff has failed to show the court made any mistake of fact or law which requires reconsideration of the earlier decision. For this reason, the plaintiff has failed to meet his burden under the federal or local rules for reconsideration of the court's August 27, 2008 Order.

In any event, the plaintiff provides no legal support for his position. Generally, in an ERISA benefits-denial case, the district court may not consider evidence which is not contained in the administrative record. *Sloan v. Hartford Life & Acc. Ins. Co.*, 475 F.3d 999, 1004 (8th Cir. 2007). However, the "court may consider evidence not in the

3

administrative record 'if the plaintiff shows good cause' for its omission." *Rittenhouse v. UnitedHealth Group Long Term Disability Ins. Plan*, 476 F.3d 626, 630 (8th Cir. 2007) (**quoting** *Brown v. Seitz Foods, Inc. Disability Benefit Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998)). In determining whether good cause exists, [the Eighth Circuit Court of Appeals has] focused in large part on whether the claimant had an opportunity to present the additional evidence during the administrative proceedings. *Sloan*, 475 F.3d at 1004. Failure to present particular evidence, despite having an opportunity to do so, demonstrates a lack of good cause. *Id.* (**citing** *Davidson v. Prudential Ins. Co.*, 953 F.2d 1093, 1095 (8th Cir. 1992)). On the other hand, good cause exists in the absence of a "full and fair review" of a benefits claim afforded by a plan administrator. **See** 29 U.S.C. § 1133(2); *Rittenhouse*, 476 F.3d at 631. "More concretely, for a claims procedure to be considered 'full and fair,' an administrator must 'provide claimants *the* opportunity to submit written comments, documents, records, and other information relating to the claim for benefits'." *Rittenhouse*, 476 F.3d at 631 (emphasis in original) (**quoting** 29 C.F.R. § 2560.503-1(h)(2)(ii)).

As set forth above, the current law sets a high bar for the plaintiff. The plaintiff fails to provide any legal support for his position that the mere lack of legal representation during the administrative hearing provides good cause for enlarging the record before the district court. The plaintiff was allowed opportunities to provide both medical and non-medical support for his claim for benefits during administrative review, which he did. Further, the plaintiff did, in the earlier motion, generally describe the evidence he seeks to obtain. However, the plaintiff fails to show the evidence already in the administrative record was incomplete such that no proper benefits decision could be made without the evidence the plaintiff now seeks to provide. The plaintiff's conclusory statements and unsupported arguments are insufficient to meet his burden. Accordingly, the plaintiff failed to show good cause why the administrative record should be expanded. Upon consideration,

**IT IS ORDERED:**
1. The plaintiff's Motion to Reconsider (Filing No. 48) is denied.

2. A telephone conference with the undersigned magistrate judge will be held on **October 15, 2008, at 2:00 p.m. Central Daylight Time** for the purpose of reviewing the preparation of the case to date and the scheduling of the case to trial. Plaintiff's counsel shall initiate the call.

DATED this 7th day of October, 2008.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge